**NOT FOR CITATION**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERICK SUAREZ, | No. C 10-1204 JF (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| M. MCDONALD, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be DENIED.

## BACKGROUND

On December 10, 2007, pursuant to a plea agreement, Petitioner pled *nolo contendere* in the San Mateo Superior Court to attempted murder and other charges; he was sentenced to eighteen years and four months in state prison. Petitioner filed the instant federal action after being denied relief in the state courts.

Petitioner claims that his defense counsel rendered ineffective assistance by failing to file a timely notice of appeal ("NOA") in the state appellate court. Petitioner alleges that at

his sentencing he asked his counsel to file an NOA, and that counsel agreed. On March 13, 2008, having heard nothing from defense counsel, Petitioner filed the NOA himself. The state appellate court rejected the NOA as untimely because it was filed beyond the sixty day statutory time limit, *see* Cal. Rule of Court 8.308(a).

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that his defense counsel rendered ineffective assistance by failing to file an NOA despite having agreed to do so. The state superior court denied this claim on two grounds. First, it determined that Petitioner had failed to submit sufficient documentary evidence to support his assertion that he instructed his counsel to file an NOA. Second, because he could raise claims through a petition for writ of habeas corpus, Petitioner was not foreclosed from raising his underlying substantive claim that counsel rendered ineffective assistance in advising Petitioner to enter into the plea agreement. (Ans., Ex. 1, Attachment A at 2–3.)

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and, (2) that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A petitioner must show that defense counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687-68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 U.S. at 770, 788 (2011) (citing *Strickland*, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance." *Richter*, 131 U.S. at 787 (quoting *Strickland*, 466 U.S. at 689).

Counsel has a constitutionally-imposed duty to consult with a criminal defendant client about an appeal when there is reason to think that a rational defendant would want to appeal or that the defendant reasonably has demonstrated to counsel that he was interested in appealing. *Roe v. Flores- Ortega*, 528 U.S. 470, 480 (2000). A petitioner must show prejudice to be entitled to habeas relief in a failure-to-appeal case. *Id.* at 476–77. To show prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have filed a timely

1  appeal. *Id.* at 484. Evidence that there were nonfrivolous grounds for appeal or that the
2  defendant promptly expressed a desire to appeal often will be highly relevant in determining
3  whether a petitioner has shown prejudice. *Id.* at 485.

4  Here, Petitioner fails to make a showing under either prong of *Strickland*. Simply put,
5  his assertion that he relied on his counsel to file an NOA is not supported by the record.
6  Apart from Petitioner's own statement, the only evidence that Petitioner asked counsel to file
7  an NOA is a letter from Petitioner to his counsel dated October 20, 2008, 315 days after his
8  sentencing, 221 days after Petitioner himself attempted to file an NOA, and long after the
9  sixty-day deadline. (Ans., Ex. 1 at 5.) Although Petitioner's sister, Sara Suarez, states that
10 she attempted to contact counsel on Petitioner's behalf, Ms. Suarez also states that she was
11 unable to reach counsel until March 2008, at which time counsel declined to discuss the case
12 with her. (Trav., Ex. 1.) The record also shows that Petitioner's family hired a new attorney
13 who received the case file on December 12, 2007, two days after the imposition of sentence,
14 presumably so that he could prepare an appeal.

15 Apart from the factual question whether Petitioner ever asked counsel to file an
16 appeal, the record fairly supports the conclusion that any failure on counsel's part was not
17 prejudicial. A successful appeal would have voided the plea agreement and would have
18 exposed Petitioner to a retrial and possible conviction on additional charges. Had Petitioner
19 been convicted of these charges (attempted murder, assault with a deadly weapon by force
20 likely to produce great bodily injury, infliction of corporal injury on a spouse, dissuading a
21 witness from make a report, and felony false imprisonment, plus two sentencing
22 enhancements), he would have received an indeterminate sentence of life in prison. Instead,
23 Petitioner received a sentence of eighteen years and four months.

24 Moreover, Petitioner alleges only one nonfrivolous ground on which an appeal could
25 have been based, which is that his counsel intimidated him into taking the plea agreement.
26 (Pet. at 6b.) Though no transcript of Petitioner's plea hearing appears in the record,
27 Petitioner does not allege that he received inadequate advisements from the trial court. The
28

trial court could not have accepted his plea and sentenced him unless there was "an affirmative showing that [the plea] was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Accordingly, Petitioner would have been required to state under oath at his plea hearing that he was entering into the agreement knowingly and intelligently and was not acting under duress or coercion. Such assertions at a plea hearing carry great weight:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [ ] a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (citations omitted). Petitioner's conclusory allegations of intimidation are insufficient to overcome the presumption of verity established by his statements under oath. Petitioner has not articulated any other grounds for appeal, nonfrivolous or otherwise.

## CONCLUSION

Petitioner has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision as to the above claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, the petition will be denied.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

DATED: September __J__, 2011

_____
JEREMY FOGEL
United States District Judge

Order Denying Petition
ftp://156.128.38.212/DATA/Users/PRO-SE/SJ.JF/HC.10/Suarez204.hc.md.wpd 5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERICK SUAREZ,

        Plaintiff,

  v.

M MCDONALD et al,

        Defendant.
_____/

Case Number: CV10-01204 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Erick Suarez G00407
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030

Dated: September 20, 2011

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk